*June, 1809.*

EDWARDS
v
BEACH.

<hr/>

JAMES R. EDWARDS and JAMES DOWNS *against* DANIEL BEACH.

WRIT of error.

*Beach* brought his action of trespass to the county court against *Edwards* and *Downs*, declaring, that he was a tavern or innkeeper; that he was the owner of a certain painted board or sign, on which was written his name and occupation, to enable him to obtain custom; that the same was suspended before his house in the

In trespass *vi et armis*, the damages are not limited by the value of the property destroyed.

highway, and was of the value of *twenty dollars;* and the defendants, with force and arms, took and carried away, and burned and destroyed said sign; whereby the plaintiff wholly lost the same; to his damage one hundred and fifty dollars.

*Beach* appealed the cause to the superior court; where he recovered a verdict and judgment for *fifty dollars.* To reverse which, this writ of error is brought, alleging that the superior court had no jurisdiction, and that the verdict could not exceed *twenty dollars,* the value of the sign.

*Daggett,* for the plaintiffs in error.

The question is, whether in trespass, it is competent for the court and jury to give damages beyond the value of the property specified in the declaration. Here, the only *gravamen* stated is the destruction of the sign: There is not even the common allegation of *et alia enormia.* For destroying the sign only can damages, therefore, be given; and the sign is valued at *twenty dollars.* If greater damages be given, then there can be no rule of damages in this action.

The defendant does not come prepared to controvert the value, beyond the sum specified. And it is to be presumed, the plaintiff will always state the value of his property high enough; and when he has thus given his own rule of damages, he ought not to be permitted to claim more.

Where an *important right* is in question, in an action of trespass, the court have given damages to indemnify the party for the expense of establishing it; as in suits for flowing lands, or for keeping up a gate. But in

those cases, there was nothing to *limit the damages*, as in this case.

*Ingersoll* and *R. M. Sherman*, for the defendant in error.

There is no rule to be found, that in trespass the value of the property destroyed shall be the measure of damages. The reason why a *value* should be stated at all is, that it may appear to be *property*. If no value is stated, a declaration in trespass would be good after verdict, though it would be otherwise in trover; for in trover, the conversion of the property is the ground of action, and the value of it the measure of damages. But in trespass, the *gist* of the action is the *force;* and the circumstances attending it may aggravate the damages; and the destruction of the property is one of those circumstances. It is admitted, that *Beach* could not show, that the property was worth more than is stated in the declaration; but he has a right to recover for *other injuries* than the *loss of a sign*. In torts, there can be no specific rule of damages; the question must be, what is the *injury*, not what is the worth of the property injured. Were a stone thrown into the room of a house usually occupied by a family, could it be seriously contended, because a shilling would replace the glass, that a shilling should be the amount of damages?

A more liberal principle has been adopted; and the superior court have decided, that for an injury to a turnpike-gate more might be recovered than the actual damage done to the gate.

BY THE COURT.

This is an action of trespass *vi et armis*, and sounds in damages.

June, 1809.

The declaration charges a violation of the plaintiff's right of property and possession by force, and the abduction and destruction of property of a certain value. The value of the property, or the amount of the injury done to it, is not the only ground of damages: the plaintiff is entitled to recover for the force and injury, according to the nature and circumstances of the case, and the aggravations attending it, as well as for the value of the property taken. Were it otherwise, a person so disposed might forcibly dispossess another of any article of property at his pleasure, and compel the owner, however unwilling, to accept of the value in its stead.

Judgment affirmed.