CHARLES CHURCHILL *against* JOHN WATSON, jun.

In trespass
*vi et armis*, the
damages are
not to be re-
stricted to the
value of the
property des-
troyed, the

MOTION for a new trial.

This was an action of trespass *vi et armis.* The declaration stated, that the plaintiff owned and possessed a stick of timber or mast, seventy-five feet in length, and about twenty-four inches in diameter; which stick of timber, the

interest thereon, and *presumptive* damages for the *force;* but the jury may give special damages for circumstances of aggravation attending the transaction.

plaintiff had procured for the mast of a cutter or vessel of about 190 tons burthen, and of the value of 48 dollars; that the plaintiff was employed in building a vessel of the above description, and that a stick of timber of the above dimensions, was necessary for a mast of such a vessel; and that the defendant, knowing the facts above stated, with force and arms, maliciously, and with intent to obstruct the plaintiff, and to prevent his building said vessel, took said timber out of the plaintiff's possession, and appropriated it to his own use; whereby the plaintiff was greatly obstructed in the building of said vessel, and prevented from completing the same, for the space of three months; to his damage, 2000 dollars, &c.

The defendant pleaded not guilty.

The fact of the taking of the spar by the defendant, and its value, having been proved on the trial, the plaintiff, for the purpose of ascertaining the actual amount of damages sustained by the act of the defendant, offered the testimony of a number of witnesses to prove the facts specially alleged in the declaration, by way of aggravating the damages, to wit; that the plaintiff was building a cutter, and had procured the spar for her mast; that there was no other spar on *Connecticut* river, suitable for a mast of such a vessel; that these facts were well known to the defendant; and that the taking of the spar by the defendant, was malicious, and with intent to obstruct the plaintiff, and prevent his building and completing the vessel; and that in consequence of the act of the defendant, the plaintiff was greatly obstructed in building his vessel, and prevented from completing the same.

The defendant objected to the admission of this testimony, on the ground, that the only rule of damages in the case, was the value of the article taken, the interest on that sum, and *presumptive* damages for the *force;* and it was farther claimed, that in all events, the plaintiff had not so laid a *per quod* in his declaration, as to justify the admission of evidence to prove special damages.

The court rejected the testimony offered by the plaintiff; and in their charge, directed the jury, in their enquiry rela-

June, 1811.

CHURCHILL
v.
WATSON.

ting to damages, to restrict themselves to the value of the property taken, the interest thereon, and *presumptive* damages for the *force*. The jury, accordingly, returned a verdict for the plaintiff, with 56 dollars damages.

Whereupon, the plaintiff moved for a new trial, on the ground that the court erred in rejecting the evidence, and in the charge to the jury.

*Hosmer* and *E. Huntington,* in support of the motion.

The allegations in the declaration, are sufficiently particular to entitle the plaintiff to a recovery of special damages. The allegation requires no greater certainty, than to prevent surprise upon the defendant.

In actions of trespass *vi et armis,* the damages should be estimated according to the nature, intent and quality of the act, and the inevitable and probable consequences resulting from it. *Bussy* v. *Donaldson,* 4 *Dall.* 207. In this case, *Shippen* C. J. said, " it is a rational, and a legal principle, that the compensation should be equivalent to the injury." 1 *Domat,* 423. 2 *Bac. Abr.* 266. (*Gwil.* edit.) *Parkhurst* v. *Foster,* 1 Ld. *Raym.* 479. In the latter case, *Holt,* C. J. said, " But at common law, if a man does an unlawful act, he shall be answerable for the consequences of it, where, as in this case, the act is done with intent, that consequential damage shall be done." The same principle is recognized in *Edwards* v. *Beach,* 3 *Day's Rep.* 447. *Nichols* v. *Bronson,* 2 *Day's Rep.* 211. *Clayton* v. *Coatsworth,* 1 *Show.* 174. *Pettit* v. *Addington,* *Peake's Cas.* 62. *Newman* v. *Smith,* *Holt,* 699, 700. S. C. 2 *Salk.* 642. *Russell* v. *Corne,* 6 *Mod.* 127. S. C. *Holt,* 699. S. C. 1 *Salk,* 119. *Chamberlain* v. *Greenfield,* 3 *Wils.* 294. *Dent* v. *Oliver,* *Cro. Jac.* 122.

Under the usual averment of *alia enormia,* in declarations in trespass *vi et armis,* evidence not only of the direct damage, but of the inevitable and probable damage, and also the damage resulting from the aggravating circumstances attending the act, has uniformly been admitted ; and the jury, of course, are authorized to assess damages accordingly. All the

decisions in this class of cases are directly applicable to this case.

*Daggett*, contra.

SMITH, J. The court in rejecting the evidence, and in charging the jury, have adopted the principle, that damages are to be given for the value of the property, with interest, and presumptive damages for the *force*, only ; without taking into view any of the aggravating circumstances attending the trespass, or the actual damage which the plaintiff sustained by it.

In actions founded in *tort*, the first object of a jury should be to remunerate the injured party for all the real damage he has sustained. In doing this, the value of the article taken or destroyed, forms one item : there may be others, and in this case, I think there were others.

The interruption and delay which occurred in the building of a *cutter*, might be, and probably was, a serious injury ; and to shew, that this interruption and delay, was a necessary consequence of the trespass, it was proper to prove that no other mast could be procured on the river ; for, if it had been an article easily to be obtained, and like many others, could be procured at any time in the market, no such interruption or delay could be attributed to the taking of it.

I shall not, in this case, attempt to draw the line between consequences which may properly influence a jury in assessing damages, and those which are so remote, and so far dependant on other causes, that they cannot be taken into consideration.

I have no doubt, that the damages claimed in this case, were sufficiently immediate. If a man should, *with force*, take the horse of another, while from home on a journey, the interruption of the journey, and the delay occasioned by it, would not be too remote, to be assessed by way of damages. I can see no difference between that case, (and many others of the same sort, which might be put, if further illustrations were necessary,) and the present. The

June, 1811.

CHURCHILL
v.
WATSON.

damage is the natural and necessary consequence of the trespass, and cannot be attributed, essentially, to any other cause.

In addition to the actual damage which the party sustains, in actions founded in *tort*, the jury are at liberty to give a further sum, which is sometimes called *vindictive*, sometimes, *exemplary*, and at other times, *presumptive* damages. These, from their nature, cannot be governed by any precise rule; but are assessed by the jury, upon a view of all the circumstances attending the transaction. It ought, therefore, to have been admitted in evidence, and the jury ought to have taken into consideration, in assessing the damages, that the taking by the defendant, was malicious, and with intent to obstruct the plaintiff, and to prevent the building of his vessel; and all the circumstances attending the transaction, ought to have been heard and considered. If the defendant, in a quarrelsome manner, had interfered with the building of the vessel, and by threats, had attempted to induce the plaintiff to desist, and failing in this, and knowing that no other spar could be obtained, and with a view to prevent the building of the vessel, had taken it away forcibly, or wantonly destroyed it, a jury might give a larger sum in damages, than they would do, had it been taken under a mistaken apprehension of the rights of the parties.

It appears to me, therefore, that the court, on the circuit, was incorrect in rejecting the testimony offered by the plaintiff, and limiting the grounds for the claim of damages, to the value of the article taken, with the interest, and presumptive damages for the force.

Indeed, I know of no such thing as *presumptive* damages for *force*. It is a wrong, for which the law presumes damages, and the amount will depend on the nature, extent and enormity of the wrong; but force partakes not of the nature of right or wrong, in such manner, that the law can raise any presumption.

I think, therefore, that a new trial ought to be granted.

All the other judges concurred.

New trial to be granted.