## BATEMAN *against* GOODYEAR and others.

The principle upon which damages are given in an action of trespass, is, to indemnify the plaintiff for what he has actually suffered, taking into consideration all those circumstances which give character to the transaction. Where treble damages are given, by 'statute, such enactment does not affect the principle upon which single damages are to be given. Therefore, where *A*, having obtained a verdict and judgment of restitution, in a process of forcible entry and detainer, against *B*, brought trespass to recover damages sustained by his being kept out of possession of the premises, for the time which intervened between the forcible entry and detainer and the restitution; and on the trial, *B* offered in evidence, for the purpose of repelling *A's* claim for damages, the record of a judgment in his favour against *A*, in a summary process to recover possession of the premises, in connexion with evidence that the acts complained of were done by *B*, by virtue of this judgment, under a claim of right; it was held, that such evidence was admissible.

THIS was an action of trespass, in two counts. The first alleged, That on the 8th of *December*, 1835, the plaintiff was in possession of a blacksmith's shop in *Waterbury;* that the defendants, not regarding the statute in such case provided, on said day, with force and arms, and with strong hand, and

*New-Haven,*
*July, 1838.*

Bateman
*v.*
Goodyear.

contrary to the mind and will of the plaintiff, broke and entered said shop, and put out the plaintiff therefrom, and kept him out, for the space of two months; that on the 6th of *January,* 1836, in pursuance of the statute against forcible entry and detainer, the plaintiff exhibited his complaint against the defendants, stating such forcible entry and detainer, before a judge of the county court and a justice of the peace, and a jury; that the jury found, by their verdict, that the defendants did, by force and strong hand, enter into said shop, and detain the same; which verdict was accepted, by the court, who thereupon rendered judgment of restitution, &c.; and that the plaintiff, by means of said forcible entry and detainer, lost and was deprived of, during said space of two months, the profits, benefits and advantages, which might, and otherwise would, have accrued to him from the possession, occupation and enjoyment of his aforesaid blacksmith's shop.

The second count was like the first, with the addition of an allegation, that the plaintiff had, at the time, a large number of men employed by the season, whom he was obliged to pay, during the detention of the shop by the defendants.

The cause was tried, on the general issue, at *New-Haven, October* term, 1837, before *Huntington,* J.

After the plaintiff had introduced evidence tending to prove the material allegations in his declaration, the defendants offered in evidence the record of a judgment for the recovery of the possession of the premises, in favour of *Nelson Goodyear,* one of the defendants, duly rendered, on the 28th of *November,* 1835, by *E. S. Abernethy,* Esq., a justice of the peace, on a complaint against the plaintiff, founded on the statute prescribing a summary process to enable the owners of real estate to obtain possession; in which complaint it was averred, and it was found by the verdict of the jury, that the plaintiff was the lessee of *Goodyear,* and held possession of the premises after the expiration of his lease, and of the thirty days notice to quit, given pursuant to the statute: and in connexion with such record, the defendants offered evidence to shew, that *Goodyear* entered upon the premises, at the time and in the manner stated in the declaration, after the recovery of said judgment, and before any execution had been issued thereon, and held possession thereof, claiming to do so rightfully, by virtue of said judgment; and that the other defendants

entered on the premises and continued thereon, as the servants of *Goodyear*, in his right and by his command; and that the judgment so offered in evidence had never been set aside or reversed; though it was admitted, by the defendants, that a writ of error had been brought, by *Bateman*, the present plaintiff, with a view to obtain a reversal thereof, which had been served on *Goodyear*, and was pending at the time of the entry and detainer complained of by the plaintiff; but the judgment was subsequently affirmed, and an execution was granted thereon in favour of *Goodyear*, by virtue of which he was restored to the possession of the premises. This record was offered for the purpose of repelling the claim of the plaintiff to damages, by reason of his being kept out of the possession of the premises during the time they were occupied by the defendants, between the time of their entry and the restitution of the plaintiff after the judgment of forcible entry and detainer set forth in the declaration. The plaintiff objected to the admission of the evidence thus offered by the defendants; and the court rejected it; and thereupon the jury gave a verdict against the defendants, for 50 dollars damages, which were trebled by the court.

The defendants moved for a new trial, on the ground that the evidence offered by them was improperly rejected.

*Baldwin*, in support of the motion, contended, That this evidence should have been received on the question of damages.

The statute is to have a reasonable construction. It cannot be supposed, that it was the intention of the legislature, that the jury should find *vindictive* damages, to be *trebled* by the court. The *actual* damages sustained, by reason of the force, and deprivation of his rightful possession, are all that the plaintiff can ask of the jury. It is obviously unjust that a mere intruder upon the property of another, should be entitled to the same measure of damages, when forcibly expelled and kept out by the owner, as the owner himself ought to recover, when thus kept out by a mere intruder.

What *damages*, then, did *Bateman*, in the present case, sustain? And on what principles were those damages to be assessed? (*Bateman*, having been found, by the court constituted under the act concerning forcible entries, to have been

*New-Haven,*
*July,* 1838.

Bateman
*v.*
Goodyear.

in possession of the premises and forcibly turned out, must, in the absence of any evidence to the contrary, be deemed to have been in the *rightful* possession. The jury, therefore, must have awarded him damages on that presumption. But if it could have been shewn, that *Bateman* had no right to the possession, but was himself a wrong-doer,—liable, as such, to damages at the suit of *Goodyear*, so long as he withheld from him the possession,—the ground of damages founded on the presumption that he was in the rightful possession, is removed. The record offered in evidence would have shown, that before the entry, *Goodyear* had recovered the possession against *Bateman ;* and that judgment was afterwards affirmed, on writ of error. The force of the *judgment* was never suspended : execution only was stayed, by the writ of error. From the time of the recovery of that judgment, *Bateman* was himself a *trespasser.* So long as he remained in possession, he was there by wrong ; and on *Goodyear's* getting actual possession under his judgment, *Bateman* would have been *liable,* as a trespasser, for all the time he remained. He not only has sustained no *damages*, by being kept out of the occupation of the premises, but has been *saved* from liability to damages himself. It is absurd to permit him to recover damages, for not being permitted to *subject* himself to damages.

Again ; from the fact that *Bateman* was in possession, when forcibly removed, nothing more appearing, the jury might well presume, that he would have *continued* in possession, during the whole period for which damages were claimed, if he had not been kept out. But if we could have proved, that such possession would have been wrongful, and would have subjected *Bateman* himself to damages, no such presumption could have been made.

On the question of forcible entry and detainer, the *title* is not, by our statute, in issue—though it is otherwise in *England* and in the state of *New-York.* Neither is the question of title involved in the issue, whether *Goodyear* and others were trespassers or not. But in estimating the *damages* by the jury, which are to be trebled by the court, the right of possession must necessarily be considered. Upon what is the right of recovery at all against the real owner, who enters by force and violence, founded? Upon the *force alone.* If the entry had been peaceable, notwithstanding the other was de-

prived of possession, the *right* being in *Goodyear*, no damages could have been recovered. The *sole* right to damages, in such case, accruing by reason of the *force*, the actual damages are those only which are *occasioned by the force*.

*Fitzgerald,* contra, contended, 1. That in this action the title is not in issue, unless drawn in, by some collateral matter, which in this case does not exist. *Stat.* 235, 6. *tit.* 36. *s.* 2. 5. *Bliss* v. *Bange,* 6 *Conn. Rep.* 78. *Dutton* v. *Tracy,* 4 *Conn. Rep.* 79. 1 *Sw. Dig.* 510. 561. The statute is founded on a principle of *policy*—to preserve the peace,—and was never intended to work *exact justice* between the parties. The only question to be submitted to the jury, is that regarding the *force* and *detention.* The rights of the parties, in other respects, remain as they were. Our statute is somewhat peculiar; and the cases decided elsewhere, under different statutes, are not applicable here; though the principle of awarding *restitution* runs through all the legislation on this subject.

2. That if the title were in issue, the evidence offered would not prove, nor tend to prove title in the defendants, nor the want of title in the plaintiff. All the facts established by the record, are consistent with a good title in the plaintiff. The sole object of the proceeding was to obtain *possession.* *Stat.* 308. *tit.* 53. *c.* 3. *s.* 1. 3.

WILLIAMS, Ch. J. The evidence offered by the defendants, on the trial, was rejected by the court, on the authority of *Bliss* v. *Bange,* 6 *Conn. Rep.* 78. That action was similar to this; and the evidence offered was similar. There, the defendant justified under the plea of *liberum tenementum ;* and the only question before this court, was, whether the plaintiff should not have judgment in his favour, notwithstanding a verdict had been given for the defendant; and upon that question, the court held, that whatever might be the common law, or the law of other states, as our statute expressly gave the action of trespass, to the person aggrieved or forcibly ejected, they were not at liberty to disobey a plain, legislative enactment. The effect of the verdict in that case, was the only question before the court; and it does not appear, by the report, that a word was said, by the bar or the bench, as to the *damages.* The judge who delivered the opinion, indeed, does say : "The

statute designedly excludes the examination and decision of the question of title, and on principles of public policy, prohibits forcible entries and detainers, and authorizes the process of restitution and the action of trespass." 6 *Conn. Rep.* 80. It is apparent, that if the statute did give this action of trespass whenever there was a forcible entry, the title could be no justification ; for the effect of such construction would be, to nullify the statute. The remarks of the judge, therefore, are to be considered as applicable to the question before the court ; and as no question of damages was pending, we have no evidence that there was an intended reference to any such question, but rather ought to refer them to the subject matter then before the court. After that decision, the cause went back to the superior court, to ascertain the damages ; and it is said, that before that court this evidence was not admitted. But whether it was offered and rejected, or whether it was not offered at all, we are not exactly informed. However that may have been, the decision there would not be binding upon this court ; and we are at liberty to decide it upon principle.

Does the statute, then, require such a construction as is claimed by the plaintiff? The statute gives to the party aggrieved an action of trespass and treble damages. Had it given an action of trespass, and nothing more, it would seem as if the amount of damages, must have been regulated upon the same principles as in other actions of trespass ; and when treble damages are given, such an enactment does not at all affect the principle upon which single damages are to be given.

What then is the principle, upon which damages are given, in an action of trespass ? The party is to be indemnified, for what he has actually suffered ; and then all those circumstances, which give character to the transaction, are to be weighed and considered. *Bracegirdle* v. *Orford* & al. 2 *Mau. & Selw.* 77. *Churchill* v. *Watson,* 5 *Day* 140. Thus, whether the entry was violent or quiet, whether through malice or mistake, whether under colour of right, or without any pretence of title, are all proper subjects of consideration. And if a person, acting without pretence of right, would be subject to greater damages than one acting under a *bona fide* claim of title, surely such claim, accompanied by proof of actual title, should be submitted to the triers. For

instance, if a tenant at sufferance was holding over, and the <span style="float:right;">*New-Haven,*<br>July, 1838.</span> lessor ejected him by force, under an execution, which was technically defective, ought that man to recover the same damages as if he had been dispossessed, in the night season, by an armed ruffian, whose object was plunder?

*Bateman*<br>*v.*<br>*Goodyear.*

It may be said, that effect cannot be given to the statute, unless a more rigid rule is adopted. But as the statute is of a penal nature, it may well be doubted, whether it should be extended by construction. At all events, we should hesitate before we should say, that restitution of the property, with treble damages, and the costs of two suits, did not constitute a sufficient punishment.

We think, then, that upon well settled principles of law, the defendant was entitled to this evidence, unless another objection is to prevail; that these proceedings are no evidence of title. This objection does not appear to have been made in the court below; but the precise ground on which the evidence was ruled out, was, that the title could not be shewn; and thus the party may have been precluded from the proper proof. If, however, he should have offered such proof, and the evidence was not proper to prove title, as we think it was not; yet, as it went to prove the relation the defendants stood in towards this property, a majority of the court do not hesitate to say, that it was a circumstance proper for the consideration of the jury. We see nothing in the statute, nothing in the principles of the common law, and nothing in the decision of this court, forbidding it. A new trial, therefore, must be granted.

BISSELL, CHURCH and WAITE, Js. concurred in this opinion.

HUNTINGTON, J. dissented.

New trial to be granted.