## BARNETT BENNETT *vs.* PETER GIBBONS.

New Haven Co., June T., 1887.    PARK, C. J., CARPENTER, PARDEE,
               LOOMIS and BEARDSLEY, Js.

To sustain an action for a fraud in a sale it must appear that the plaintiff
   was actually deceived by the defendant. It is not enough that the
   defendant intended to deceive him.

In an action for fraud in the sale of a horse the defendant introduced a
   witness who testified that at the time of the sale and while the negotia-
   tion was going on, he took the plaintiff aside and told him that if the
   horse was all right he would be worth $150, but that if he was sound
   he could not expect to get him at the price asked.  Held to be admis-
   sible as tending to show that the plaintiff had some knowledge of the
   condition of the horse when he bought it.

The counsel for the defendant then asked the witness what reply the
   plaintiff made ; which question the court ruled out.  Held to be
   error, since the reply would presumably have referred to the same mat-
   ter and have furnished more certain evidence as to the plaintiff's
   knowledge of the condition of the horse.

And held that the exclusion of the question was not justified by the fact
   that it had not been first shown that the plaintiff made a reply, since
   the objection was not taken on that ground but was a general one and
   must have been understood as referring to the reply itself.

In actions of fraud and to recover for flagrant wrongs, the jury may include
   in their verdict not merely the actual damage but the plaintiff's ex-
   penses of litigation.  It is not usual to introduce evidence of the
   amount of these expenses, but it is not erroneous to admit proof of
   specific expenses incurred by the plaintiff in the prosecution of his
   suit.

[Argued June 10th—decided July 15th, 1887.]

ACTION for fraud in the sale of a horse; brought to the
Court of Common Pleas in New Haven County, and tried
to the jury before *Deming, J.*   Verdict for the plaintiff, and
appeal by the defendant for error in the rulings and charge
of the court.   The case is sufficiently stated in the opinion.

*C. S. Hamilton,* for the appellant.

*W. H. Law* and *D. Strouse,* for the appellee.

LOOMIS, J.  This is a complaint for fraud in effecting an exchange of a horse belonging to the plaintiff for one belonging to the defendant.  The plaintiff had a verdict in the court below and the defendant appeals.  Ten errors are assigned as reasons for the appeal, nearly all of which relate to the rulings of the court in the admission of evidence.

The evidence of the veterinary surgeon as to the nature and character of the disease which the defendant's horse had before and at the time of the trade, the question whether there were other diseases which would be attended with similar swellings on the head, the fact that the nature and fatal character of the disease were fully explained to the defendant just before the trade, the return of the horse by the plaintiff to the defendant immediately upon discovering the fraud, with the plaintiff's demand for the return of the money and the horse which he let the defendant have, were all so clearly relevant and proper as to render discussion unnecessary.

The fact that the surgeon just after the trade examined the horse for the plaintiff and told him the same thing he had told the defendant shortly before the trade, was immaterial except to show the continuance of the disease and that the plaintiff returned the horse to the defendant immediately upon discovering the fraud, which facts do not seem to have been contested, for when the defendant came to testify he admitted that the trade was made between eleven and twelve o'clock and the plaintiff returned the horse at about one o'clock following on the same day.

The plaintiff's testimony that he paid his lawyer twenty-five dollars for conducting the suit, in connection with the further statement that his own horse was worth thirty dollars and he paid the defendant twenty dollars difference, did not, it would seem, harm the defendant in the result, for, after having both horses and the twenty dollars in money he was required by the verdict to pay the plaintiff only thirty dollars.

But in disposing of the question on this ground, it may be implied that we consider the ruling erroneous, which we by

no means concede. It is well settled that in actions of fraud and to recover for flagrant wrongs, in addition to the actual damages arising directly from the transaction the jury may make the plaintiff good for the expenses of litigation which he was obliged to incur in order to obtain redress. *Linsley* v. *Bushnell*, 15 Conn., 225; *Ives* v. *Carter*, 24 id., 405; *Welch* v. *Durand*, 36 id., 185.

Now, although it is not usual to introduce evidence to show specifically the amount of such expenses, yet, inasmuch as it is a legitimate element of damage, we do not see why relevant evidence is not as proper as in relation to any other item of damage, it being understood of course that it is discretionary with the jury to include this or not, but it seems to us that it cannot be erroneous to furnish the jury with some sure basis for such an addition, instead of leaving the whole matter to guess-work.

The only error respecting the admission of evidence which calls for a new trial is the exclusion of the plaintiff's reply to what the witness Driscoll stated to him respecting the horse he had of the defendant. The finding states the question as follows:—

The defendant introduced one Dennis J. Driscoll as a witness, who testified to the conversation between the plaintiff and defendant at the time of the sale, and that he took the plaintiff one side and told him if this horse was all right he would be worth $150. to $175, and if the horse was sound he could not expect to get him for the price. The defendant's counsel then asked the witness—" What did the plaintiff say in reply?" To this question the plaintiff objected, and the court sustained the objection, and excluded the evidence.

To maintain an action for fraud it is elementary that there must not only be acts, words or artifices intentionally false on the part of the defendant, but they must be successful in deceiving. If then the plaintiff knew the actual facts as to the condition of the horse he was about to exchange for his own, the defendant's intended deception never reached him. The truth remained in his own mind

however great the deception in the defendant's purpose. There are some attempts to commit crime that are punishable as such under the rules of criminal law, but attempts to defraud are not the subjects of civil action unless they are successful.

What Driscoll told the plaintiff, if true, did tend to show that he had some knowledge of the condition of the horse at the very time he was negotiating for an exchange. It is to be presumed that the reply would have referred to the same matter and that it would or might have furnished more certain evidence as to the extent of the plaintiff's knowledge and as to the real inducements that were leading to the trade.

But the plaintiff says the reply called for was not evidence because the proper foundation for it had not been laid; that is, it had not appeared that he made any reply. But no such objection was made at the time, but only the general objection, which must have been understood as referring to the reply itself, and the ruling of the court rejecting the *evidence offered*, without any explanation, must be understood as referring to the evidence contained in the reply, assuming that the plaintiff did reply. Had the objection that no foundation had been laid for such a question been made at the time, it probably would have been immediately obviated by the preliminary inquiry. We think such an objection ought to be considered as waived under the circumstances.

The defendant complains of the charge in only two particulars. The first is, "that the court erred in its charge to the jury in respect to reading the third request of the plaintiff to the jury." This assignment has been materially strengthened and improved in the brief of the counsel for the defendant before this court, by adding that the request was read *as a part of the charge.* This obviously is the controlling point. But the record shows that it was not read as part of the charge, and moreover that the charge supplies the very element which the defendant claims to be wanting in the request, namely, that the defendant must have intended to cheat and defraud the plaintiff, for the court, im-

mediately after reading the plaintiff's requests, charged the jury that " the question of fraud is strictly a question of fact for the jury to determine and the burden is upon the plaintiff to satisfy you by a fair preponderance of evidence that the defendant knowingly and intentionally deceived the plaintiff. It is not enough for the plaintiff to prove, as he claims in his second request, that the horse had an incurable disease and that the defendant knew of it, but he must satisfy you that the defendant actually deceived the plaintiff in regard to it;" still further emphasizing the same thoughts in other parts of the charge, and not only so, but the judge alluded to the third request particularly and said to the jury—"I do not understand the third request to be law, unless you find the representations were not expressions of opinion, but were false statements made *intending to deceive the plaintiff.*" Under these circumstances it is extraordinary not only that it should have been assigned for error, but still more so that it should have been urged before this court.

The defendant also assigns for error the ruling of the court respecting a writing alleged to have been wrongfully withheld by the plaintiff's counsel from the defendant. But the finding explains the matter fully and shows that the defendant has no grievance at all in that respect, for, after the writing had been shown to the defendant while giving his testimony and identified by him, it was offered in evidence on the trial by the plaintiff and the defendant's counsel objected to its admission, and for that reason the offer was not pressed.

Without further discussion we will say that there was no error of which the defendant can complain in the matter referred to in the special finding. In the view we have taken of the case that matter becomes unimportant.

There was error in excluding the plaintiff's reply to what the witness Driscoll said to him about the horse of the defendant, and a new trial is ordered.

In this opinion the other judges concurred.