## MORRIS SHUPACK *vs.* ABRAHAM GORDON.

First Judicial District, Hartford, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and GAGER, Js.

The nationality of a party, his experience in other countries, and his unfamiliarity with our modes of judicial procedure, are circumstances which the trial judge, in the exercise of a reasonable discretion, may properly call to the attention of a jury for their consideration in determining the motive and purpose of such party in paying and promising to pay money to witnesses who testify in his behalf.

The fact that a party is of another nationality, the motives and mental operations of whose people we may not easily understand, may be self-evident from his examination on the witness-stand without direct testimony to that effect.

Shupack *v.* Gordon.

While the maxim *falsus in uno, falsus in omnibus,* may justify a jury in disregarding the entire testimony of a discredited witness, it does not force or compel them to such a conclusion. It is possible that even such a witness may give some testimony which the jury may consider in connection with the whole evidence.

In an action for assault and battery, the jury were instructed that if the attack was wanton and malicious they might award the plaintiff exemplary damages, limiting these, however, to the "natural expense of the litigation" in excess of taxable costs. *Held* that the words quoted, when fairly construed, limited exemplary damages to a reasonable expense properly incurred in the litigation, and was therefore a sufficient compliance with the well-established law of this State.

Argued October 3d—decided October 17th, 1906.

ACTION to recover damages for an assault and battery, brought to the Superior Court in Hartford County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $1,000, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

The complaint alleged that on March 23d, 1905, the defendant assaulted the plaintiff, struck him with his fist and forced him violently to the ground, whereby the plaintiff received a fracture of the lower end of the radius of the right hand, suffered great pain and was permanently deprived of the use of said hand. The answer denied each allegation of the complaint. The jury returned a verdict finding the issues for the plaintiff and assessing the damages at $1,000, for which sum the court rendered judgment.

For reasons of appeal the defendant quotes from the charge of the court four passages, and claims that the court erred in instructing the jury in the language of each passage.

*William F. Henney* and *Frederick B. Hungerford,* for the appellant (defendant).

*Patrick F. McDonough,* for the appellee (plaintiff).

HAMERSLEY, J.　It appears from the finding, that upon the trial it was substantially conceded that on the day alleged the plaintiff and defendant met upon the sidewalk in front of the defendant's store, and that after angry words between them the plaintiff fell to the ground and received an injury to his right hand.　The plaintiff testified and claimed that the fall and injury was the direct result of a blow from the defendant's fist.　The defendant testified and claimed that he did not strike the plaintiff, but only shook his hand at him and ordered him to go along, and that as the plaintiff backed he stumbled and fell over some boxes in front of the store and in falling hurt his hand which he extended to protect himself.　The testimony of the plaintiff and defendant were in direct conflict, and the controlling question submitted to the jury was, did the plaintiff or the defendant tell the truth?

The charge appears in the finding in full.　In the first part of the charge the court states the law applicable to the facts as claimed by both parties, fully and correctly. The court then comments upon the evidence as follows: " The evidence on one side differs widely from that on the other, all too widely.　The truth in regard to the matter is to be carefully sought, all the more carefully because it may not be easy or possible even to understand the motives and mental operations of people of another nationality.　It may not be easy to understand clearly even what the meaning of the language used here in the court is to them.

" There is testimony tending to show that the plaintiff asked one McCue to have Martin and another go to a certain office, and make a statement as to the occurrences on the 23d of March in front of the store of the Gordons; that after those persons had been there, the plaintiff gave McCue the sum of $5, and that he at the time promised to give McCue $5 per day when he should attend court on the trial of the case, out of the money to be recovered.

" If the purpose of the plaintiff was to corrupt the man McCue and so suborn perjury, nothing too severe can be

said of the plaintiff's conduct or thought of it. If McCue and those witnesses actually saw the occurrence and knew the facts, and the plaintiff gave him some compensation to look up witnesses, or if by reason of his experience in other countries, or of his misunderstanding as to the modes of procedure in this country, the plaintiff was foolish or weak enough to give McCue money to make sure that McCue would not desert him, or would not refuse to attend court, the motive of the plaintiff might not deserve so severe a censure, and might not deprive his testimony, or that of McCue, of all value.

" You will weigh the testimony of all the witnesses carefully, you will consider their interests in the case, the relations of any witness to a party in the cause, and the prejudice of any witness, and how far relationship or prejudice or interest may be calculated to affect the value of the testimony.

" Should the jury come to the conclusion that any witness has willfully sworn falsely in regard to any fact in the case, and that his testimony as to other material facts is worthy of no credit whatever, they may, of course, disregard it all."

The second paragraph of the foregoing extract, commencing " There is testimony tending to show," etc., and the following paragraph, commencing " If the purpose of the plaintiff," etc., constitute the first passage quoted in the appeal as erroneous.

The defendant claims in his brief that no testimony was offered to show that " by reason of his experience in other countries, or of his misunderstanding as to the modes of procedure in this country, the plaintiff was foolish or weak enough to give McCue money to make sure that McCue would not desert him, or would not attend court," and that therefore the court erred in suggesting to the jury motives that were not suggested by the evidence.

The fact that a witness belongs to another nationality, the motives and mental operations of whose people we may not easily understand, may well appear from the examina-

tion of the witness without direct testimony to that effect. The suggestions of the court as to the possible effect of the fact of the plaintiff's paying $5 to McCue, if that fact is found, do not seem to go beyond the reasonable discretion of the court in commenting on the weight of evidence.

The defendant further claims that the court erred in omitting to tell the jury that if the plaintiff had been guilty of subornation of perjury such conduct would seriously affect, if not destroy, the weight of his testimony. The language of the court strongly indicates the weakening effect of such misconduct upon the testimony of the plaintiff. If the omission to state more directly this effect could be regarded (in the absence of any request to charge) as an error, it is one not assigned in the appeal.

The second reason of appeal sets up the claim that the court erred in saying : " Should the jury come to the conclusion that any witness has willfully sworn falsely in regard to any fact in the case, and that his testimony as to other material facts is worthy of no credit whatever, they may, of course, disregard it all." The special error claimed in argument is, that this language does not properly apply to the facts of the case the maxim *falsus in uno, falsus in omnibus.*

We think the language is not open to this criticism. That maxim certainly does not operate as a command to the jury to cut out of the evidence everything that has been said by a witness who they believe has willfully testified falsely in respect to one fact in the case. Such false statement discredits the witness and may justify the jury in disregarding his whole testimony. But a discredited witness, even one who is deemed worthy of no credit whatever in his statement of material facts, may yet give some testimony which the jury may properly consider for some purposes in connection with the whole evidence. *Supples* v. *Lewis*, 37 Conn. 568.

The third reason of appeal claims error in the passage of the charge in which the court instructs the jury in respect

to the claim that the injury to the plaintiff's hand was due in part to the surgical treatment given him in respect to its care and cure, and that the defendant was not liable for damages resulting from such treatment. The charge upon this point seems unexceptionable and the defendant in his brief suggests no reason for the claim of error.

At the conclusion of its instruction in respect to damages the court says : " To these compensatory damages, in some cases where there is malice premeditated or wantonness in the assault, the jury may add something for exemplary damages, beyond the damages called compensatory, but only so far as to take into consideration the natural expense of the litigation in excess of the taxable costs, which, of course, would be allowed the plaintiff if he recovers in the case." The fourth reason of appeal claims error in this passage.

It is the settled law of this State, that in certain cases of tort the amount of expenses of the litigation in excess of the amount of taxable costs may be awarded as damages, in addition to the damages more strictly termed " compensatory," and such damages, sometimes called " exemplary," cannot exceed the amount of expenses in excess of taxable costs ; *Wilson* v. *Granby*, 47 Conn. 59, 75 ; that in awarding such damages the jury may estimate such reasonable sum as would make the plaintiff good for the expenses of litigation which he has been obliged to incur in order to obtain redress ; and that it is not usual or necessary to introduce evidence to show specifically the amount of such damages. *Bennett* v. *Gibbons*, 55 Conn. 450, 452, 12 Atl. 99 ; *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, 378, 42 Atl. 67.

The trial court followed this law and sufficiently complied with the rule as laid down in *Hanna* v. *Sweeney*, 78 Conn. 492, 494, 62 Atl. 785, and in *Hull* v. *Douglass*, 79 Conn. 266, 64 Atl. 351. In speaking of " the natural expense of the litigation," the court should be understood as limiting the jury to the consideration of a reasonable expense properly incurred in the litigation.

The charge as a whole, including the passages quoted in the appeal, appears to have been substantially correct, adapted to the issue, and sufficient for the guidance of the jury in the case before them.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.