## JOHN F. CRANEY vs. JOHN DONOVAN.

Second Judical District, Norwich, October Term, 1920.

WHEELER, C. J., BEACH, CASE, CURTIS and GREENE, Js.

Having said to the jury that the defendant's plea of the truth of his alleged slanderous words was a practical admission of their falsity, the trial judge at once corrected this by adding: "that is, it is not admitted by the defendant, but it means that the defendant having pleaded the truth, must take the burden of proving their truth to you." *Held* that taking the charge as a whole on this branch of the case, the jury could not have been misled by the erroneous statement.

It has not been customary in this State in actions of slander and libel where punitive damages are recoverable, to offer evidence of the expenses incurred by the plaintiff in the litigation; and therefore the trial court obviously cannot be criticised for not having discussed in its charge the details of such expense.

It would seem to be the better and sounder practice in this class of cases to submit proof of such expenses, rather than to leave the matter to the jury upon their own unaided judgment.

The jury were told that the words complained of, which charged the plaintiff with adultery, were actionable *per se*, and entitled the plaintiff to some damages, unless the defendant proved their truth. *Held* that this referred to the words whose utterance was admitted in the answer, the court having correctly charged that the plaintiff must prove by a fair preponderance of the evidence the utterance of the words alleged in the third count, which were the only ones the defendant had not so admitted.

Argued October 19th—decided December 22d, 1920.

ACTION to recover damages for slander alleged in three counts, with a fourth count for libel, brought to the Superior Court in New London County and tried to the jury before *Kellogg, J.;* verdict for the plaintiff for $6,000, of which the plaintiff remitted $1,500 in order to avoid having the verdict set aside as excessive, and from a judgment for the plaintiff for $4,500, the defendant appealed. *No error.*

This case was before this court on the defendant's

appeal in 1917, when a new trial was ordered. See 92 Conn. 236, 102 Atl. 640.

*John H. Barnes*, with whom was *Jeremiah J. Desmond*, for the appellant (defendant).

*Roderick M. Douglass* and *Joseph T. Fanning*, for the appellee (plaintiff).

GREENE, J. The defendant has filed four reasons of appeal. The second reason was abandoned, and not referred to in defendant's brief or oral argument.

The first reason claims that the following paragraph of the charge is erroneous, as being "vague, misleading and confusing: "By his alleging that those words which he uttered were true, it follows the plaintiff's allegation that they are false is practically admitted, that is, it is not admitted by the defendant, but it means that the defendant, having plead the truth, must take the burden of proof in proving their truth to you."

The court had been speaking of the first count of the complaint, and showing that the language which the defendant was alleged to have used, charged the plaintiff with adultery; that said count alleged that defendant's words were false and malicious; that the first defense to said count denied that defendant's words were false and malicious; that the second defense to said count affirmatively alleged that the words alleged to have been spoken by the defendant were true. The court then says, regarding the defendant's allegation that the words were true, "the defendant thereby assumes the burden of proving the truth of those charges." Then follows the statement: "By his alleging that those words which he uttered were true, it follows the plaintiff's allegation that they are false is practically admitted." This statement is incorrect, but it is immediately retracted by the judge, who says:

"that is, it is not admitted by the defendant, but it means that the defendant, having plead the truth, must take the burden of proof in proving their truth to you." The words withdrawn are cancelled, and a correct statement as to the burden of proof, resulting from the affirmative allegation in the defense, follows. The jury, taking together all of the charge which refers to defendant's allegation that his words were true as affecting the burden of proof, cannot have been misled.

The third reason of appeal claims that the language of the charge regarding punitive damages is erroneous, because it failed to specifically and fully charge what was meant by punitive damages being limited to such sum as would cover the plaintiff's expenses of litigation less the taxable costs. The language of the charge is plain enough as to what elements constitute punitive damages. If, as the appellant claims, the jury were left to guess about the matter, it was not for want of a proper definition, but for want of evidence as to what expenses the plaintiff had incurred. In view of the fact that there was no evidence of such expenses, as far as the record discloses, it would have been idle for the court to have discussed details of expense.

If the plaintiff intended to claim error in allowing the jury to include in their verdict an allowance for the plaintiff's expenses of litigation, when the plaintiff had failed to produce any evidence thereof, it is sufficient to say that, while relevant evidence of such expenses would have been admissible as furnishing the jury some sure basis for a finding instead of leaving their conclusion to their own unaided judgment, our usual practice has been not to offer evidence to prove the expenses of litigation. While the following of this practice cannot, in view of our decisions, be held erroneous, we think the better and sounder practice is the production of proof of such expenses. *Bennett* v.

*Gibbons*, 55 Conn. 450, 452, 12 Atl. 99; *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, 378, 42 Atl. 671; *Wynne* v. *Parsons*, 57 Conn. 73, 84, 17 Atl. 362; *Linsley* v. *Bushnell*, 15 Conn. 225, 235; *Noyes* v. *Ward*, 19 Conn. 250, 264; *Craney* v. *Donovan*, 92 Conn. 236, 238, 102 Atl. 640.

The fourth reason claims error in the following instruction: "There is no question in the case which is now before you that the words alleged in the complaint are what are called in law actionable in themselves, and entitle the person of whom they are spoken to some damage, without alleging or proving any special damage, unless, however, the defendant alleges and proves their truth."

The claim of error seems to be that the court does not in this paragraph say that the burden of proof is on the plaintiff to establish by a fair preponderance of the evidence the utterance of those words whose utterance was not admitted by the answer. For example, the words charged in the third count of the complaint are not admitted by the answer, and the burden was on the plaintiff to prove their utterance. This third count contains the only words charged in the complaint, the utterance of which is not admitted in the answer, and the court had instructed the jury that before they could find that the words there charged were uttered, the plaintiff must prove their utterance by a fair preponderance of the evidence. There is nothing at all, in the language objected to in the fourth reason, either expressing or implying that the jury could award damages for the words alleged in the third count until the plaintiff had proved their utterance by a fair preponderance of the evidence.

There is no error.

In this opinion the other judges concurred.