REGINALD W. ARMSTRONG *v.* ARTHUR H. DOLGE.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 9, 1943—decided January 27, 1944.

*Richard H. Ireland,* for the appellant (defendant).

*Leo Nevas,* with whom, on the brief, was *Rocco R. P. Perna,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff and Alice A. Armstrong were married in 1921.  The plaintiff claimed that they lived happily together with their two children until the summer of 1941, when the defendant effectually broke up their home.  The defendant has appealed from a judgment in favor of the plaintiff for $9000 based on the alienation by the defendant of the affections of Mrs. Armstrong.

The defendant has made an energetic but unconvincing attack on the finding.  No corrections in or additions to the finding can be made which will materially affect the trial court's conclusion.  The evidence supports the finding as to what may properly be regarded as the single fact under attack which is of fundamental importance, the defendant's admission that he had had intercourse with Mrs. Armstrong and knew that she was married and had children and a husband. It would serve no useful purpose to detail here the rather sordid story developed by the finding and the supporting record.  The plaintiff relied principally on the testimony of private detectives.  While their handling of the transaction was somewhat peculiar in certain respects, the trial court saw them on the stand, heard their testimony and was entitled to believe them.  In so far as the assignments of error are to be construed as attacking the amount of the judgment, they are without merit.

The only other finding requiring particular mention is one to the effect that an attorney representing Mrs. Armstrong sat with defendant's counsel and conferred with them from time to time. This is attacked under the ruling in *Kovacs* v. *Szentes,* 130 Conn. 229, 232, 33 Atl. (2d) 124, holding that the trial judge should not make himself a witness to a material fact without giving the defendant the opportunity of cross-examination. It appears from the file that this attorney wrote a letter to the clerk stating that he was appearing in the interest of Mrs. Armstrong. The finding was the statement of a simple and obvious fact, not of the character of the observations described in the *Kovacs* case; nor would its elimination from the finding materially affect the basis of the trial court's conclusions.

The defendant also assigned as error four rulings on evidence. When the plaintiff was on the stand under cross-examination he testified that he intended to get a divorce from his wife and he was asked when he had arrived at the conclusion. The plaintiff objected to the question as immaterial, the defendant stated no ground for its admissibility and the court excluded it. The defendant in his brief now claims that it was material as bearing upon the plaintiff's motive for his course of conduct towards his wife. Lacking any further facts in the finding, the materiality of the question for that purpose was not so clear that, in the absence of a claim to the trial court for its admission on that ground, we can find error in its exclusion. *State* v. *Mosca,* 90 Conn. 381, 389, 97 Atl. 340; *State* v. *Manganella,* 113 Conn. 209, 217, 155 Atl. 74; *Tefft* v. *New York, N. H. & H. R. Co.,* 116 Conn. 127, 135, 163 Atl. 762; Practice Book, § 359.

The defendant, during his case in chief, offered in evidence an amended complaint signed by the attorney of the plaintiff which was never filed because of the

objection of the defendant. It was offered as a statement made by the attorney of the plaintiff contradicting the plaintiff's position on the trial. Examination of the exhibit, which was marked for identification, discloses that the first count of the amendment differed in no material respect from the complaint under which the case was tried. It is true that the proposed amendment added a second count claiming criminal conversation in addition to alienation of affections, but this did not contradict the attitude of the plaintiff in this trial. It is found that the defendant admitted this offense; and examination of the evidence in connection with the attack made upon the finding shows that the plaintiff offered the evidence upon the basis of which this admission was found to have been made.

A witness for the defendant was asked whether or not prior to August, 1940, from her observation, Mrs. Armstrong had any love whatsoever for Mr. Armstrong. She answered that Mrs. Armstrong had none. The finding discloses neither the extent of the observations nor the time when they were made. It is true that the modern tendency is to liberalize the rules governing the admission of evidence of this character and we have approved this tendency in principle (*MacLaren* v. *Bishop*, 113 Conn. 312, 155 Atl. 210), but we have repeatedly said that the trial court has discretionary powers as to its admission. Id., 315; *Spencer's Appeal*, 77 Conn. 638, 643, 60 Atl. 289; *Richmond* v. *Norwich*, 96 Conn. 582, 595, 115 Atl. 11. From the very brief excerpt in the finding, we cannot say that the trial court abused its discretion in excluding the statement of the witness as to whether Mrs. Armstrong had any love "whatsoever" for Mr. Armstrong.

The last objections are to testimony given as to the state of health of the plaintiff subsequent to the bringing of the suit. In an action of this character, damages

are assessed to the date of trial and include future as well as past sufferings and disabilities. *Duffy* v. *Bishop Co.*, 99 Conn. 573, 581, 122 Atl. 121. The plaintiff had alleged in his complaint great distress of body and mind and loss of health, and the testimony was admissible to show his condition in these respects. *Valentine* v. *Pollak*, 95 Conn. 556, 561, 111 Atl. 869. The doctor was also permitted to testify to the amount of his bill ($100) and this is objected to on the ground that there was no claim for special damages. It does not appear that this sum was included in the damages and this testimony may have been received by the court simply as indicating the seriousness of the plaintiff's physical condition. *Kane* v. *New Idea Realty Co.*, 104 Conn. 508, 512, 133 Atl. 686.

Only one other assignment of error requires notice. The trial court concluded that the plaintiff was entitled to punitive damages, which in this state consist of the expense of litigation less taxable costs. *McGann* v. *Allen*, 105 Conn. 177, 185, 134 Atl. 810. No evidence of the expense of litigation was introduced. The better and sounder practice is to introduce proof of such expenses; *Craney* v. *Donovan*, 95 Conn. 482, 484, 111 Atl. 796; but the defendant admits that this is generally unnecessary under our rule. *Amellin* v. *Leone*, 114 Conn. 478, 482, 159 Atl. 293. He claims, however, that in this case, in view of the employment by the plaintiff of three attorneys at different times, some testimony was required. Whatever might be the situation in a trial to the jury, the claims of the defendant are ineffective to take this case out of the general rule where the trial is to the court.

There is no error.

In this opinion the other judges concurred.