JACOB CHYKIRDA *v.* STEPHEN YANUSH.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 5, 1944—decided February 7, 1945.

*Ralph G. Woolfson,* for the appellant (plaintiff).

*Charles Stroh,* for the appellee (defendant).

DICKENSON, J. The plaintiff had a verdict of $72 for assault and battery and the jury, in answer to an interrogatory, stated that this included punitive damages. The plaintiff has appealed, assigning error in the overruling of a demurrer to part of the answer, in the denial of a motion to strike this part from the answer, in denying the plaintiff's motion for a directed verdict, in the charge, in submitting the interrogatory to the jury and in denying the plaintiff's motion to set aside the verdict.

The defendant alleged alienation of his wife's affections by the plaintiff as just provocation for the assault. The plaintiff demurred to this allegation. The demurrer was overruled. He then moved to strike out the allegation, which motion was denied. The court based its rulings upon the ground that just provocation was a proper defense to a claim for punitive damages if it occurred immediately preceding the assault or came to the knowledge of the defendant so recently that his passion had not had time to cool. The rulings were correct. *Morache* v. *Greenberg,* 116 Conn. 549, 551, 165 Atl. 684. The denial of a motion for a directed verdict is never a ground of error. *Lombardi* v. *Laudati,* 124 Conn. 569, 575, 200 Atl. 1019. The interrogatory was in conformance with a request made by the plaintiff. No evidence is certified to support the claim that the verdict should have been set aside as against the evidence.

The plaintiff claims that the court failed to charge the jury that evidence in support of the allegation that he alienated the affections of the defendant's wife was only admissible in mitigation of punitive damages

and then only as showing a provocation immediately connected with the assault. The court specifically limited the consideration by the jury of this evidence to punitive damages and later in its charge instructed them that evidence to support the claim of provocation was restricted to conduct immediately connected with the assault and so recent, or so recently come to the defendant's knowledge, that his passions had not had time to cool. The instruction was unexceptionable. *Morache* v. *Greenberg,* supra.

The plaintiff attacks the charge as to the measure of punitive damages on the grounds that the court improperly commented on the failure of the plaintiff to submit evidence as to taxable costs and that it told the jury that it was mathematically impossible for them to include an attorney's fee in such damages.

The trial court gave the jury the correct rule: punitive damages consist of the expenses of the action that the plaintiff must meet, including the attorney's fee, from which "would be deducted what are known as the taxable costs." It stated that there were certain costs which the law provides shall be collected by the party who wins the action and that in the instant case if the plaintiff won his action he would recover "certain taxable costs," but that the jury need have no concern with taxable costs. The effect of the charge was that the jury were told to disregard an item which, under the law, should be deducted in determining damages. This was not harmful to the plaintiff.

As to the claim that the court told the jury that it was mathematically impossible to determine the attorney's fee, the court, in substance, stated that had this been a fixed amount the jury could have added it and the $25 doctor's fee to any compensatory or nominal damage and so arrived at the amount of the verdict, but, the fee being 40 per cent of whatever amount

was collected, he left it to them to figure out as best they could. Punitive damages are limited to the costs of litigation less taxable costs, but within that limitation the extent to which they are awarded is in the discretion of the trier. *Bennett* v. *Gibbons*, 55 Conn. 450, 452, 12 Atl. 99; *Hanna* v. *Sweeney,* 78 Conn. 492, 494, 62 Atl. 785. The plaintiff can hardly complain of a charge which largely relaxed, if it did not entirely remove, the limitation as regards the amount which might be allowed as an attorney's fee.

At common law in certain types of action damages were allowed in addition to those actually suffered, with a view to punishing the guilty and deterring others from committing like offenses; *Hanna* v. *Sweeney*, supra, 493; and in our early cases we recognized that doctrine to some extent. See, e. g., *Edwards* v. *Beach*, 3 Day 447, 450; *Churchill* v. *Watson*, 5 Day 140, 144. As stated in the last case, such damages could not be measured by any precise rule and of course evidence could not be offered as to them. We soon limited the extent to which such damages can be allowed, as we have stated above, but the practice of not offering evidence as to them continued. In *Craney* v. *Donovan*, 95 Conn. 482, 484, 111 Atl. 796, we recognized that to be the practice and held that in view of it we could not find error in a failure to offer evidence, but we said that the better and sounder practice is to produce such evidence. See *Sandora* v. *Times Co.*, 113 Conn. 574, 586, 155 Atl. 819; *Amellin* v. *Leone*, 114 Conn. 478, 159 Atl. 293; *Armstrong* v. *Dolge*, 130 Conn. 516, 520, 36 Atl. (2d) 24. The practice of allowing such damages without any evidence as to the items properly to be taken into account, and without calling the attention of a jury to the taxable costs of which the court can take judicial notice, has not been satisfactory, and this case is a particularly good illus-

tration of that fact. We would not, in view of our previous decisions, find error because the plaintiff failed to offer evidence of the amounts he claimed as elements of punitive damages, but as in this case our conclusion is that there was no error it affords us an opportunity definitely to abolish the practice of claiming such damages in the absence of evidence as to them. We now hold that punitive damages are not properly recoverable in the absence of evidence as to the elements entering into a determination of them except for those items of taxable costs of which the trial court can take judicial notice.

There is no error.

In this opinion the other judges concurred.