EDITH CANNAVARO *v.* ARTHUR CANNAVARO

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 44723

Memorandum filed February 24, 1953.

*Benjamin M. Chapnick,* of New Haven, for the Plaintiff.

*Albert W. Cretella,* of New Haven, for the Defendant.

FITZGERALD, J. The parties to this action were divorced by a decree of the Superior Court for New

Haven County on December 15, 1950. The divorce action had been brought by the plaintiff herein by writ dated January 18, 1950, charging intolerable cruelty on the part of the defendant herein. Yet the parties had resided in the same living quarters at 314 Peck Street, New Haven, during the pendency of the divorce action up until Friday morning, December 15, 1950, when the Superior Court entered the aforesaid decree. That action went uncontested in the final stages. Under a stipulation entered into between the parties, the plaintiff was awarded alimony of the defendant in the lump sum of $2650 in lieu of all other claims. There are no children of the marriage.

Matters relating to the prior divorce action, and to its ultimate disposition, are to be found in File No. 73754 of the Superior Court at New Haven. The subject of that file has been examined by this court to better understand the genesis of the litigation now at bar. Whether the Superior Court (*Molloy, J.*) had any idea that the parties were living under the same roof until the morning of the granting of the decree remains a matter of conjecture. This aspect in any event now becomes academic. It could, however, give rise to questions of a moral, sociological, and legal nature which do not enter precisely into the domain of the decision of the within case.

It is found that on the noon of December 15, 1950, following the entry of the divorce decree, the defendant returned to the Peck Street apartment he had shared with the plaintiff until that morning, and, in her absence, smeared a grease-like substance over the kitchen stove, the kitchen linoleum, and upon an old rug used in the living room. He then left before the plaintiff's return. Contrary to the claim of the plaintiff, it is not found that the grease applied by the defendant contained a chemical substance which produced holes in the linoleum and rug. If such holes

were present later, they did not originate from any act of the defendant. In addition to compensatory damages, the plaintiff specifically asks for an award of treble damages.

Compensatory damages will be awarded the plaintiff as a matter of course. Treble damages, however, are not allowable in this kind of action. The allowance of such is limited by statutes which relate to specific categories of wrongdoing. These statutes and their subject matters are listed on page 4202 of the index to the General Statutes. The subject of this action is not therein included.

The complaint alleges that the conduct of the defendant was deliberate and wilful. And so it was. The fact that the plaintiff had succeeded in getting the defendant to pay a lump sum of money as alimony, plus the further fact that at an earlier date the plaintiff had secured additional money from him as her interest in a joint business enterprise, proved too much for his mental equilibrium. In a childish and malicious manner he sought retaliation. Parenthetically, the defendant made it clear at the trial that he neither now nor on December 15, 1950, makes claim to a proprietary interest in any of the household furnishings at the Peck Street residence.

Hence the next question is whether punitive damages should run against the defendant. In Connecticut such are limited to the costs of litigation less taxable costs; *Chykirda* v. *Yanush*, 131 Conn. 565, 568; and to be recoverable there must be evidence offered of the cost of the particular litigation. *Yavis* v. *Sullivan*, 137 Conn. 253, 261. No such evidence was offered by the plaintiff.

Damages awarded the plaintiff are compensatory only. They are set at $100. Judgment may so enter, with costs to the plaintiff as an incident.