## ELOISE H. DEY, PLAINTIFF, v. SARAH DEY, DE-FENDANT.

### Submitted March 18, 1920—Decided June 2, 1920.

1. Where a loss of *consortium* between husband and wife is caused by willful conduct of a third party, there is a legal injury for which damages are recoverable, irrespective of the prior existence of actual affection between the spouses.
2. If husband and wife be living separate, there is always a possibility of their coming together which the law encourages, and an actionable wrong is committed by unlawful interference preventing reunition.

On plaintiff's rule to show cause.

Before Justices SWAYZE and PARKER.

For the plaintiff, *Grosken & Moriarty.*

For the defendant, *Church, Harrison & Roche.*

The opinion of the court was delivered by

PARKER, J. The suit is by a wife for the alienation of her husband's affections and for inducing him to "desert plaintiff and leave her without his affection, support, protection and consort." Since the act of 1906 (*Pamph. L., p.* 525) such an action has been maintainable in this state. *Sims* v. *Sims,* 79 *N. J. L.* 577. The jury found a verdict for defendant, and the propriety of this verdict is challenged both as against the weight of evidence, as against all the evidence, and for certain alleged errors of law occurring at the trial.

We fail to find that the verdict was unsupported by the evidence or by the weight of evidence; and we are unable to say that any legal error was committed by the trial judge except in the view that he took and propounded to the jury as to the gist of the action.

He charged that "this being a case of alienation of affection, there must have been affection between these two parties to have been alienated; that is, between the husband and wife, to have been alienated. If there was no affection between them, then, of course, there were no affections to alienate, and even though there were relations between the husband and this defendant which would be considered by you to be improper, she would not be guilty of alienating the affections, where no affection existed."

The court refused to charge that "unhappiness or even separation between plaintiff and her husband, or the fact that he had little affection for her, was no defence to an action for alienation."

The court further refused to charge that "the law presumes the husband had affection for his wife, but if this be rebutted, such rebuttal is no bar to the action for two reasons: (1) because even if the husband had no affection for his wife, another person has no right to interfere to cut off all chances of its springing up in the future, and (2) because the alienation or loss of affections is not the substantive cause of action, but a matter of aggravation of damages, the gist of the action being the support, protection, comfort and society of her husband, which latter she may have even though he no longer loves her."

The necessary effect of the part of the charge quoted and of the refusals of the requests, which were read in the presence of the jury, was to create or tend to create the impression in their minds that outside interference with the marital relation, though willful, and resulting in a cessation of marital relations, is not actionable unless there be also a destruction of conjugal affection as well. This view we deem to be opposed to grave considerations of public policy and to be fundamentally erroneous. It is true that something of the kind is intimated in a *per curiam* of this court, in *McKenna* v. *Algeo*, 51 *Atl. Rep.* 936, not officially reported; although in that case there is no indication that the point now under discussion was argued or even mooted. And it must be conceded that the New York Court of Appeals took that view,

*i. e.,* that loss of affection was essential to the action, in *Servis* v. *Servis,* 172 *N. Y.* 438; 65 *N. E. Rep.* 270. But we are unwilling to give our assent to that proposition, and think that Judge Bartlett in his dissenting opinion correctly held that, affection or no affection, "a wife has the right to the conjugal society of her husband—*consortium*—and if it be willfully violated by a third person, she may maintain an action in her own name." 65 *N. E. Rep.* 272. Such is substantially the view expressed by the Supreme Judicial Court of Massachusetts in *Hadley* v. *Heywood,* 121 *Mass.* 236, where it appeared that plaintiff had been guilty of conduct toward his wife that might well have extinguished any affection she had had for him. . The court said: "Any unhappy relations existing between the plaintiff and wife, not caused by the conduct of the defendant, may affect the question of damages, and were properly submitted to the jury; but they are in no sense a justification or palliation of the defendant's conduct." The New York decision runs counter to the rule that the right of action is based on the loss of the *conjugal society or consortium* of the wife (or husband as the case may be). 21 *Cyc.* 1617. Indeed in *Neville* v. *Gile,* 174 *Mass.* 305; 54 *N. E. Rep.* 841, it was held that mere alienation of the affections alone does not constitute a cause of action. We need not go so far as this; but we have no hesitation in holding that where a loss of *consortium,* of the conjugal society with its mutual rights and duties, is shown to have been caused by willful conduct of a third party, there is a legal injury for which damages are recoverable; and that while loss of conjugal affection thereby caused is an element of damage, it is not of the gist of the action. Public policy plainly requires that husband and wife should live together; and it will not do to say that it is not a private wrong to cause a cessation of that status, if the marriage be a loveless one. Loveless marriages are by no means uncommon and among these are many where the parties live contentedly together and perform their duties to each other and to society. We may go a step further and say that even if there be a state of separation, there is always a possibility of coming together, which the

law encourages, and with which outsiders should not unfavorably interfere.

The complaint in this action counted on interference with the marital relation while the parties were living together, and on a willful continuance of that influence after they had separated. Our view is that both the requests quoted above and refused were proper requests, and should have been charged; and as the jury may well have brought in their verdict in view of their refusal and of the contrary doctrine enunciated, the rule to show cause must be made absolute and a new trial ordered.