EDWIN WELCH *vs.* CHECKER TAXI COMPANY.

RUTH C. WELCH *vs.* SAME.

Middlesex.　November 16, 1927.— January 14, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Agency*, Existence of relation, Scope of employment. *Evidence*, Presumptions and burden of proof, Matter of conjecture.

Where, at the trial of an action of tort, against a company operating taxicabs, for personal injuries received by the plaintiff in a collision with a cab of the defendant, it appeared that there was no passenger in the cab and that it was being driven by a man who gave his name as Devoe and who had an operator's license bearing that name, and there was evidence that a driver with that surname, whose first name did not appear on the defendant's pay roll, received a pay check for the day of the accident, but there were no records which would indicate the hours that he worked or his full name, a finding was not warranted that the cab was being operated by an employee of the defendant acting within the scope of his employment, and an ordering of a verdict for the defendant was proper.

TWO ACTIONS OF TORT, the first for damage to an automobile and the second for personal injuries. Writs dated, respectively, April 1, 1925, and March 12, 1926.

In the Superior Court, the actions were tried together before *Keating*, J. At the close of the evidence for the plaintiff, the judge, on motion by the defendant, ordered verdicts for the defendant. By agreement of the parties, the action was reported to this court for determination, judgments to be entered for the defendant if the ordering of the verdicts was right; otherwise, judgment to be entered for the plaintiff in the first action in the sum of $150, and for the plaintiff in the second action in the sum of $350.

*M. R. Flynn*, for the plaintiffs.

*J. F. Myron*, for the defendant, submitted a brief.

BRALEY, J. These cases are actions of tort to recover damages to an automobile owned by the plaintiff Edwin Welch and for personal injuries suffered by the plaintiff Ruth C. Welch on November 21, 1924, alleged to have been caused

by a collision at the intersection of Putnam Avenue and Mt. Auburn Street in the city of Cambridge, with a taxicab owned by the defendant. It was agreed there was evidence of liability to be submitted to the jury, if there was sufficient evidence that the driver of the cab was the agent of the defendant and was acting within the scope of his employment at the time of the accident.

The traffic manager and clerk of the corporation testified that the defendant's place of business was located in Boston, from which cabs were ordered by customers, and that the pay roll which he had with him did not show the number of hours the driver worked on November 21, 1924, and that a driver by the name of Devoe whose first name did not appear on the pay roll received a pay check on that date. But there were no records which would indicate the hours that he worked or his full name. The plaintiff Edwin A. Welch testified that there was no one in the cab when the accident occurred except the driver, who wore the regulation uniform and a cap with white and black checker marks on it, and who gave his name as "Mr. Devoe." It also could be found that the driver had a license number and that the name "Mr. Devoe" appeared thereon. But, even if the foregoing facts are viewed in the light most favorable to the plaintiffs, there is no evidence that any passenger was in the car or that the driver was on his way for a passenger in response to a call for service, or was returning to the office after the completion of such service.

The burden was on the plaintiff to show that at the time of the injury Devoe was not only the defendant's servant, but was acting within the scope of his employment of driving passengers for hire as directed by the defendant. It was a matter of speculation and conjecture whether the driver was about the defendant's business, and, the verdicts for the defendant having been ordered rightly, the entry in each case must be

*Judgment for the defendant on the verdict.*