## AMABILE D'ARCANGELO *vs*. NICHOLAS TARTAR.

Suffolk.   November 9, 1928. — December 7, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Agency*, Existence of relation, Scope of employment.  *Evidence*, Admission, Presumptions and burden of proof.

At the trial of an action of tort in a district court for damage to an automobile, there was testimony by the plaintiff that his automobile was struck by an automobile bearing a certain registration number, and that he obtained a certain name as that of the driver of that automobile. The defendant testified that he owned an automobile with such registration number; that he employed a driver with the same name as that obtained by the plaintiff, but that that driver was not working for the defendant on the night of the accident; and that the defendant knew of no accident in which his automobile was involved at that time. The driver testified that he was employed by the defendant but that he was not working that night and knew nothing of the accident.  He was identified by other witnesses as the operator of the defendant's automobile at the time of the accident.  The judge denied a request by the defendant for a ruling that there was no evidence that the driver was acting within the scope of his employment at the time of the accident, and found for the plaintiff.  *Held*, that

(1) If the judge believed that the defendant had given false testimony in collusion with his driver, such conduct might be considered by the judge as an admission from which, with the other evidence, it could be inferred that the driver was operating the automobile under such conditions as would render the defendant liable, and that the defendant was conscious of liability and endeavored to escape from it;

(2) On the record, it did not appear that mere disbelief of the testimony of the defendant and his driver was given effect as positive proof of a fact which the plaintiff was required to prove in order to recover;

(3) The finding for the plaintiff was warranted.

TORT.   Writ in the Municipal Court of the City of Boston dated July 7, 1927.

Material evidence and rulings granted and denied at the trial in the Municipal Court are stated in the opinion.   The judge found for the plaintiff in the sum of $218 and reported the action to the Appellate Division.   The report was ordered dismissed, and the defendant appealed.

*F. W. Griffin*, for the defendant

No argument nor brief for the plaintiff.

SANDERSON, J.   This is an action of tort in which the plaintiff seeks to recover property damages resulting from an automobile accident.   It could have been found that the plaintiff was driving his automobile on Washington Street, in Boston, at about 12:15 A.M. on December 6, 1926, and, when about two hundred feet from Causeway Street, was run into by a car belonging to the defendant bearing the Massachusetts registration number 65912, marked cab number six, with the name Foley Cab Company on the side of the machine and registered in the name of the defendant; that the plaintiff was travelling fifteen or twenty miles an hour close to a snow bank on his right hand side of the street; that the defendant's car was coming from the opposite direction at the rate of twenty-five to thirty miles an hour, travelling at the left of the center of the street in the direction in which it was going; that the defendant's car collided with the left rear of the plaintiff's automobile; that the plaintiff obtained the name of Leo A. Daniels, who was supposed to be the driver of the defendant's automobile; and there was no one in the defendant's automobile at the time of the accident except the driver.

The defendant, called by the plaintiff, testified that he operated ten cars and owned the one bearing registration number 65912; that Leo A. Daniels was employed by him, his hours of employment being from 7 A.M. to 6 P.M.; that he was not working for the defendant on the night of the accident and the witness knew of no accident in which the car referred to was involved on or about December 6, 1926; that he interviewed all his drivers and none of them knew of such an accident.

Leo A. Daniels, called by the plaintiff, testified that he worked for the defendant but was not driving the car in question on the night of the accident; he knew nothing about it and never saw the plaintiff until he came into court to testify.   Other witnesses were called who identified the witness Leo A. Daniels as the driver of the defendant's car at the time of the accident.

The judge of the Municipal Court ruled that the burden

was on the plaintiff to prove that the operator of the defendant's automobile was working for the defendant at the time of the accident, and denied a request for ruling that there was no evidence that the driver was acting within the scope of his employment at that time; he found for the plaintiff and reported the case. From the order of the Appellate Division dismissing the report the defendant appealed.

The case at bar, in many of its features, is similar to *Welch* v. *Checker Taxi Co.* 262 Mass. 310, but it has some distinguishing characteristics. The judge was justified in finding that a taxicab of the defendant, operated by his employee Leo A. Daniels, caused the plaintiff's damage. The defendant's denial that Daniels or any car of his was involved in the accident, and the driver's denial that he was there, could have been found by the judge to be statements made to conceal the real facts and mislead the court. False testimony of a party may have probative force in civil cases. If the judge who saw the witnesses and heard them speak believed that the defendant wilfully swore falsely and was in collusion with the driver in misstatement of the facts he could have considered such conduct on the part of the defendant as in the nature of an admission from which with the other evidence liability might be inferred. *Commonwealth* v. *Devaney*, 182 Mass. 33, 36. *Bennett* v. *Susser*, 191 Mass. 329, 331. In weighing the other testimony in the case with the defendant's testimony and conduct the judge could have inferred that the defendant's driver was operating the taxicab under such conditions as made the defendant responsible for his acts. *D'Addio* v. *Hinckley Rendering Co.* 213 Mass. 465, 469. The conduct of the defendant could be found to have probative force because of its tendency to prove a consciousness of liability and an endeavor to escape from it. *Banfield* v. *Whipple*, 10 Allen, 27, 31. *Cohen* v. *Henry Siegel Co.* 220 Mass. 215, 219. *Rioux* v. *Cronin*, 222 Mass. 131, 134. *Carroll* v. *Carroll*, 262 Mass. 10, 12. In the circumstances disclosed by this record, mere disbelief in testimony is not given effect as positive proof of the fact denied. We are of opinion that it cannot

be said as matter of law that in finding for the plaintiff the judge erred. St. 1928, c. 317, became operative September 1, 1928, and is not applicable to this case.

*Order dismissing report affirmed.*