KATHRYN SCHARWATH, PLAINTIFF, v. CATHERINE BROOKS, DEFENDANT.

Argued October 3, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Ralph E. Lum.*

For the defendant, *Alexander Simpson.*

PER CURIAM.

The first count based on alleged criminal conversation was eliminated by a nonsuit on that count and the case proceeded as a wife's suit against another woman for alienation of her husband's affections. The jury found a verdict for plaintiff of $90,000. This is attacked as against the weight of evidence, and as excessive.

We are clear that it was not against the weight of evidence. The facts that the jury were entitled to take as having been proved were voluminous, and are unnecessary to recapitulate here.

But we consider the damages as grossly excessive. This is not a case of a wife cast off and left in poverty. Plaintiff secured a divorce from her husband and thereupon he married the defendant, settling upon the plaintiff a house valued at $35,000, the sum of $20,000 in cash, and $4,000 a year. It is of course true that these items are not legally applicable in a suit for damages against the female enticer, but it is still true that plaintiff received them as a result of the enticement,

and the jury should consider them in making an award of compensatory damages. When we come to consider the matter of wounded feelings, &c., and the punitive element, the court should be slow to set aside a verdict as excessive. *Boniewsky* v. *Polish Home,* 102 *N. J. L.* 241. But there are cases where even such a verdict should not stand, and as we read the evidence and inhale the unpleasant atmosphere of this case, it seems plainly to be one of them.

The rule to show cause will be made absolute, but as to damages only.