### Frank Amellin *vs.* Joseph Leone.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 5th—decided March 8th, 1932.

*Joseph Weiner,* for the appellant (defendant).

*Julius Maretz,* for the appellee (plaintiff).

Haines, J. An assignment of error in the trial court's refusal to set aside the verdict specifies that the verdict was contrary to the law and the evidence and was excessive, and that it was actuated by bias and prejudice on the part of the jury. The only other assignments relate to various portions of the charge. All the evidence taken at the trial, more than three hundred and fifty pages, has been certified for our inspection and it has been read with care. The flatly contradictory character of the testimony on the most important features of the case forces the conviction

there was much deliberate falsehood on the part of some of the witnesses. Upon such a presentation it was the province of the jury to determine where the truth lay. The concurrence of twelve men composing the jury, especially when their conclusion is supported by the presiding judge, all of whom have had the opportunity of seeing and hearing the witnesses, comes to this court with weighty considerations in its favor, and should and will not be disturbed unless it clearly appears that the action of the jury was unreasonable or motivated by improper considerations or that the presiding judge has exceeded his discretionary control over the verdict. *Monczport* v. *Csongradi,* 102 Conn. 448, 454, 129 Atl. 41; *Canfield* v. *Sheketoff,* 104 Conn. 28, 30, 132 Atl. 401; *Schulte, Inc.* v. *Hewitt Grocery Co.,* 101 Conn. 750, 751, 125 Atl. 365; *Skaling* v. *Sheedy,* 101 Conn. 545, 548, 126 Atl. 721.

Our study of the record makes it abundantly clear that if the jury believed the evidence offered by the plaintiff and his witnesses, as it was their province to do and as they apparently did, their verdict was a reasonable and proper one. Moreover, we are unable to find any indication that they were actuated by an improper motive. The trial court, after two weeks of consideration, refused to interfere with the verdict. It is claimed by the appellant that the verdict of $3500 is excessive, and while it does impress us as a large verdict, "injuries such as these are indeed incapable of precise measurement, but, when proven, they do justify substantial damages. In the light of the circumstances which the jury may have found proven, we cannot say as matter of law that the sum awarded was excessive." *Valentine* v. *Pollak,* 95 Conn. 556, 558, 111 Atl. 869.

One of the assignments of error is the following portion of the court's charge: "The husband has a right

of action . . . even though no affection existed at the time of the wrongful acts committed. No one has a right to interfere to cut off any chance of its springing up in the future, and so long as the husband keeps his marriage contract, so long he has a right to the conjugal society and affection of his wife. Possibly he may regain these if they be lost and this possibility is his valuable right. So that, in this case it is not necessary for the plaintiff, to support a recovery, to show that there was affection between the plaintiff and his wife and that the defendant completely alienated it. If you find that the plaintiff has proven a partial alienation he is entitled to a recovery; and this is so, even if you may find that there had existed no affection between the husband and wife prior to the acts of the defendant complained of. . . . So, too, if the affections of his wife were withdrawn before the acts of the defendant were committed, this is a circumstance to be considered in mitigation of damages."

Though authorities may be found for the proposition that the action will not lie where the wife's affection for her husband had gone in whole or in part before the acts with which the defendant is charged, the sounder rule and the one more consonant with a sound public policy is that given in substance in the charge complained of. *Dey* v. *Dey*, 94 N. J. L. 342, 110 Atl. 703; *Fratini* v. *Caslini*, 66 Vt. 273, 29 Atl. 252; *Joseph* v. *Naylor*, 257 Pa. St. 561, 101 Atl. 846. The trial court was at pains to define the scope of the rule and further stated to the jury that if there was any misconduct on the part of the husband which was only a subsidiary as distinguished from the controlling cause of the alienation, it would not necessarily and of itself bar the husband's recovery; but if his own conduct was the controlling cause, he could recover nothing; and that the same would be true if the

alienation, however caused, was independent of any intermeddling on the part of the defendant. A defendant will not be exonerated even though he may be less blameworthy than the plaintiff for loss of the wife's affection. 30 C. J. pp. 1125, 1126, §§ 982, 984. And even though it be shown that the wife has no affection for the husband, the defendant may still be liable if he prevents or interferes with the possibility of a reconciliation between them. *Prettyman* v. *Williamson,* 1 Penn. (Del.) 224, 39 Atl. 731. It is no defense that husband and wife had separated before the alienation. *Annarina* v. *Boland,* 136 Md. 365, 111 Atl. 84; *Dey* v. *Dey,* 94 N. J. L. 342, 110 Atl. 703. The law presumes there is always a possibility of the husband and wife becoming reconciled, and this the law encourages. *Davenport* v. *Holden,* 95 N. J. L. 197, 200, 112 Atl. 148; *Ash* v. *Prunier,* 105 Fed. 722. Any of the facts to which we have alluded or the generally unsatisfactory prior relations between the husband and wife, may be shown in mitigation of damages, and the burden of proof is on the defendant. *Luick* v. *Arends,* 21 N. D. 614, 627, 132 N. W. 353; *Sheffield* v. *Beckwith,* 90 Conn. 93, 96 Atl. 316. As the trial court correctly said: "The extent of the injury in any case must depend in great measure upon the previous relations of the parties; if those were cordial, pleasant, affectionate and happy, these should be considered in estimating the husband's loss. If, on the other hand, the husband and wife lived unhappily, this tends to show the husband's loss was not so great as if their relations had been agreeable. Everything which tends to show that the plaintiff's loss was not so large as it would have been under other circumstances will mitigate or lessen the damages."

Exceptions were also taken to the following portions of the charge: "Now, if you find the acts proven in

this case, and you consider that they were done either maliciously or wantonly—that is, the doing of them for the defendant's own pleasure, if he did them for his own pleasure . . . without regard to the rights of another, then you have a right to add, as I have said, a sum to cover the expense of the suit," and "If you come to that question of awarding punitive damages that sum should be excluded in your estimate of what is a reasonable allowance for the expenses of prosecuting the suit." The apparently inconsistent statements quoted are made clear and consistent, however, when the related portions of the charge are quoted, as they should have been. Following the first paragraph of the charge above given, the court added: "In our practice these expenses would include reasonable counsel fees and a reasonable sum for the preparation of the case, but would exclude the costs of the suit, but the costs of the suit follow the judgment, so that if you should include them the plaintiff would recover them twice. So you must exclude these costs of suit if you come to the award of these punitive damages of which I have just spoken. When I speak of the costs of suit in that sense, gentlemen, I refer to the fixed costs which are taxed to the prevailing party in any case, . . . which ordinarily would amount to perhaps fifty to seventy-five dollars." As thus stated, the jury could not well have been left in doubt as to the correct rule of law to apply. In pursuing this appeal in his brief, the appellant urges that there was no evidence presented from which the jury could have determined this particular item of damages. While this specific question was not raised by the assignments of error, we may add that it is not necessary that the plaintiff offer evidence on this point, though we have indicated that it was better practice to do so. As to exemplary damages generally, see *Craney* v.

*Donovan,* 92 Conn. 236, 243, 102 Atl. 640; *McGann* v. *Allen,* 105 Conn. 177, 184, 185, 134 Atl. 810; *Doroszka* v. *Lavine,* 111 Conn. 575, 578, 150 Atl. 692, and cases cited. As to evidence of costs of suit, *Bennett* v. *Gibbons,* 55 Conn. 450, 452, 12 Atl. 99; *Craney* v. *Donovan,* 95 Conn. 482, 484, 102 Atl. 640; *Malley* v. *Lane,* 97 Conn. 133, 139, 115 Atl. 674.

There is no error.

In this opinion the other judges concurred.