CHARLES SIMON *vs.* SVEN J. NELSON.
JOHN C. SIMON *vs.* SVEN J. NELSON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 3d—decided February 6th, 1934.

*Isadore L. Kotler* and *Francis J. King*, with whom was *James E. Murphy*, and, on the brief, *Alexander L. DeLaney*, for the appellants (plaintiffs).

*Thomas R. Robinson*, with whom, on the brief, was *Daniel L. O'Neill*, for the appellee (defendant).

BANKS, J.   These actions, which were tried together, arose out of a collision which occurred in the town of Seekonk, Massachusetts, between an automobile owned and driven by the plaintiff John C. Simon and one driven by the agent of the defendant.   The plaintiff Charles Simon is the minor son of John C. Simon and was a passenger in his father's car.   Newman Avenue in Seekonk runs in a general northerly and southerly direction.   It divides into two branches, that on the left, as one goes north, being called Brook Street and that on the right Newman Avenue.   A triangular space is formed between the two branches with its apex toward the south.   The defendant's car was proceeding north from Newman Avenue into Brook Street and the plaintiff's car was proceeding south on Brook Street and turned to the left to cross

the base of the triangle and proceed in a northerly direction on Newman Avenue, and the two cars came into collision.

The defendant claimed that the driver of the Simon car was guilty of contributory negligence in that he failed to keep to the right of the center of the intersection as he turned from Brook Street into Newman Avenue. The court charged the jury that since the accident happened in Massachusetts the substantive law of that State was to be applied, and that the Massachusetts statute required that an operator of a motor vehicle upon approaching a street intersection was required to slow down and pass to the right of the center of the intersection before turning to the left. The court then told the jury that it appeared to be undisputed that, upon the plaintiff's own evidence, he failed to keep to the right of the center of the intersection of the two streets and said: "This was negligence, and, if it was a substantial factor in causing the collision, the plaintiff John C. Simon would not be entitled to a verdict in this action upon the first count in his complaint." Such would be the result, in the case of an accident occurring in this State, of a violation of our statute, which is similar to that here invoked. *Andrew* v. *White Bus Line Corporation*, 115 Conn. 464, 161 Atl. 792. The law is otherwise in Massachusetts. There it is held that the violation of such a statute is not negligence *per se*, but is merely evidence of negligence. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 16 N. E. 555; *Finnegan* v. *Winslow Skate Mfg. Co.*, 189 Mass. 580, 76 N. E. 192; *Welch* v. *Checker Taxi Co.*, 262 Mass. 310, 159 N. E. 622. We take judicial notice of these decisions as evidence of the common law of that State, General Statutes, § 5600, and that law governs so far as the substantive elements necessary to a recovery are con-

cerned. *Slobodnjak* v. *Coyne,* 116 Conn. 545, 546, 165 Atl. 681. The charge that such violation of the statute was negligence *per se* withdrew from the jury the question of the contributory negligence of the plaintiff John C. Simon, which, under the Massachusetts rule that such violation is only evidence of negligence, should have been left to the decision of the jury as a question of fact.

If it appeared that the verdict of the jury in the case of John C. Simon might have been based upon a finding that he was guilty of contributory negligence, this charge of the court would require a reversal in that case. The plaintiff Charles Simon was an infant, two years of age, and the court correctly charged the jury that the law imposed upon him no duty of due care, and that the negligence of his father could not be imputed to him. The two cases were tried together and involved the same issues in so far as the claimed negligence of the operator of the defendant's car was concerned. The verdict of the jury in favor of the defendant in the case of Charles Simon necessarily imported a finding that the operator of the defendant's car was not negligent. It follows that its verdict in the father's case must have been based upon the same finding, and that the plaintiff in that case was not therefore harmed by the charge which removed from the consideration of the jury the question of his contributory negligence.

The same is true as to that portion of the charge in which the court defined the intersection of the two highways. It is not alleged that the driver of the defendant's car was negligent in failing to keep to the right of the center of the intersection in violation of the statute, and the question of the location of that point is of importance only upon the question of the negligence of the driver of the Simon car. For the

reasons already stated, therefore, the charge upon this point could not have harmed the plaintiffs.

The statement in the charge that, if the jury found the facts to be in accordance with its summary of the evidence offered by the defendant, it would appear that he was not liable to either plaintiff, was not erroneous since such a finding would have negatived any act of negligence on his part alleged in the complaint.

None of the other alleged errors in the charge, or the failure to charge as requested, require comment.

The court properly excluded the map offered in evidence by the plaintiff since it was not accompanied by any offer of proof that it correctly portrayed the scene of the accident.

There is no error in either case.

In this opinion the other judges concurred.