Carr, J.
There is no question that there were iron doors controlled by Mallow’s Spa, set flush with the sidewalk and so hinged that they could be opened from underneath and that while the plaintiff was passing over these doors she was caused to fall because one of them was pushed up from below about three inches. At this time the defendant’s truck was at Mallow’s Spa to deliver merchandise. Negligence and due care are not in issue and the only question is whether the finding that the defendant was responsible for the opening of the door was warranted.
*383 At the time of the accident the treasurer of Mallow’s Spa was in the cellar and had charge of the premises. He testified that he did not open the doors. He testified that no one else but his men touched the doors from inside and if a door was lifted from inside it was either one of two employees, Degemis or Asteriades, and that he had instructed them not to open them from the inside. This is not a statement limited to what happened at the time of the accident but the description of the regular procedure. It could have been found on this testimony that of the employees of Mallow’s Spa, the men whose duty it was to operate the doors were Degemis and Asteriades. These two men testified that they never opened the doors from inside. The trial judge who saw these witnesses was the one to decide whether their testimony was to be believed and obviously she did not believe it.
There is no reason to assume that any other employees of Mallow’s Spa took upon themselves a duty that did not belong to them. There is no reason to assume that any wrong doer opened the doors and the fact that to push up the doors a person must brace himself on some pipes and on the chute where he would be visible to any one looldng that way is an added reason for not making such assumption. Payne v. R. H. White Company, 1943 A. S. 889, 891.
Piscatelli, with another employee of the defendant, arrived with defendant’s truck load of goods for the purpose of delivering them to Mallow’s Spa. He went to the cellar of the spa to find out where to make delivery and was told to deliver to the cellar. He knew about the doors and the bolt on the inside of the doors and how deliveries were made to the cellar and had made deliveries there before. When he went to the cellar he could see the bottom of the doors and a part of the chute but his view was somewhat ob- *384 soured by merchandise (obviously of that part of the chute which he could not see.) The doors were then closed and he saw no one near them. He was in the cellar from three to five minutes during which time the accident must have happened. He was in the cellar when Sheingold, the other employee of the defendant who had been unloading the merchandise on the sidewalk, notified him of the accident.
It was not necessary for the trial judge to believe the testimony of Piscatelli that he did not open the doors arid she obviously found his testimony on this point false. Piscatelli, as already stated, werit to Mallow’s Spa to effect delivery of the goods; he was interested in getting the doors open; he had the opportunity to open them. On hearing of the accident, he did not say to any employee of the spa “that is not up to me, you run out and see the injured person”. He ran out after the injured person himself. He made a report of the accident to his own employer, the defendant, the day of the accident but never made any report to Mallow’s Spa on the subject.
A plaintiff is not required to exclude every other possible cause for his accident except that of the negligence of the defendant; it is enough if he shows a greater likelihood that his injury was caused by the negligence of the defendant. Agnew v. Franks, 255 Mass. 539, 541.
Falsehood as to the material issue in this case is evidence of a guilty conscience and taken in connection with other evidence pointing the same way, warrants the finding of responsibility for the accident. Boston v. Santosuosso, 307 Mass. 302, 349. cf. D'Arcangelo v. Tartar, 265 Mass. 350. cf. Maionica v. Piscopo, 217 Mass. 324.
Report dismissed.