6 N.J. Super. 231 (1950)
70 A.2d 878
BESSIE GROBART, PLAINTIFF-APPELLANT,
v.
MEYER GROBART, SAMUEL GROBART, YETTA TEITELBAUM AND ROSE ROWITZ, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1950.
Decided January 27, 1950.
*232 Before Judges McGEEHAN, COLIE and EASTWOOD.
*233 Mr. Mark Townsend argued the cause for appellant (Mr. Alex. Simpson, attorney).
Mr. John A. Hartpence argued the cause for respondents (Mr. Peter Bentley, attorney).
The opinion of the court was delivered by COLIE, J.A.D.
Plaintiff instituted suit against the defendants, charging that between June 9, 1933, and March 30, 1948, inclusive, they "did wickedly conspire with malice to injure the plaintiff in her marital relations with her husband Louis Grobart * * *, and as a result of said conspiracy did the following acts." The complaint thereafter alleges (a) that the defendants fraudulently induced Louis Grobart to enter no defense in a law action which was constituted in fraud as a result of which a judgment was obtained against him and certain real property was sold to satisfy the same, resulting in the plaintiff being deprived of her dower and other rights in said real property; (b) plaintiff was forced to compromise certain claims which she had as the wife of Louis Grobart for a sum less than the value thereof; (c) defendants induced Louis Grobart to sue for divorce on charge of adultery, which charges were untrue and known to be untrue to the defendants, which suit further terminated favorably to plaintiff. On motion to strike the complaint, the court ordered "that the complaint filed herein be and it is hereby stricken, and the action dismissed, with costs to the defendants to be taxed; and it is further ordered that in view of the public policy which underlies the prohibition of the above stated statute, that the application of the plaintiff for leave to file an amended complaint herein be and the same is hereby denied."
Paragraph 1 of the complaint filed charges a malicious conspiracy to injure the plaintiff in her marital relations with her husband. The following paragraphs of the complaint are amplifications of the charge in paragraph 1. In Dey v. Dey, 94 N.J.L. 342 (Sup. Ct. 1920), the court held that a complaint based on interference with the marital relations while *234 the parties were living together, and on a willful continuance of that interference after they had separated, was a suit for alienation of affections. By Chapter 279 of the Laws of 1935, R.S. 2:39A-1 et seq., the right of action for alienation of affections was abolished. It follows therefore that the court was correct in striking the complaint as it then stood. Appellant argues that R.S. 2:39A-1 et seq. is unconstitutional in that it offends against Article IV, Section VII, paragraph 4 of the Constitution of 1844 which provides that "* * * every law shall embrace but one object, and that shall be expressed in the title." The title reads in part: "An act declaring and carrying into effect the public policy of the State of New Jersey with respect to causes of action for alienation of affections * * *." The argument against the constitutionality of the statute is based upon the proposition that the complaint sounds in conspiracy. The fact is that it sounds in alienation of affections. The constitutional attack is without merit.
The record discloses no statement of what the purported amendment was to be nor was it submitted to the court below in writing. In Grobart v. Society for Establishing Useful Mfrs., 2 N.J. 136 at 146 (Sup. Ct. 1949), it was said: "An application to amend must be definite and categorical, not vague or unexpressed. Preferably the proposed amendment should be in writing for the convenience of the court and adverse counsel in examining it, but at the least it must be stated at length in open court so as to permit opposing counsel to argue against it, if he so desires, and to give the court a fair opportunity to pass upon its merits intelligently." Under the circumstances, there was no error in denying the motion to amend.
The order under appeal is affirmed.