*Northern District*
No. 6486

**JOHN L. HILTON, et al**

**v.**

**CHECKER TAXI COMPANY**

Argued: April 26, 1967    Decided: July 27, 1967

*Present*: Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *McKenney, J.*, in the District Court of the Roxbury District #40909

*BROOKS, P.J. This is an action of tort for personal injuries* claimed to have been suffered by plaintiffs while passengers in defendant's taxicab. Defendant answered, so far as material, general denial, contributory negligence and lack of agency.

*The testimony pertinent to the issue* was as follows:

Plaintiffs telephoned defendant, Checker Taxi Company, for a cab. "Sometime later a taxi marked 'Checker' arrived, which taxi the plaintiffs engaged in the vicinity of Yarmouth Street in Boston on or about August 25, 1964 at or about 9 A.M. and entered the rear portion thereof." They drove to the Workingmen's Cooperative Bank, Massachusetts Ave., Boston.

One of the passenger alighted and went into the bank. He subsequently reentered the cab which started to make a U-Turn and, in the process and when at right angles to traffic proceeding in the opposite direction, collided with a truck, with resulting injuries to both plaintiffs.

The cab struck the left rear side of the truck, both vehicles moving at a slow speed. The

truck driver testified that the taxi operator told him that he did not see the truck before the collision.

Defendant made the following requests for rulings, all of which were denied except request #5 which was allowed:

> 1. As a matter of law, all of the evidence being considered in a light most favorable to the plaintiffs, a finding cannot be made for the plaintiffs, specifically since no evidence of negligence on the part of the defendant or any agent, servant or employee of the defendant was shown.

> 2. As a matter of law, all of the evidence being considered in a light most favorable to the plaintiffs, a finding must be made for the defendant, specifically since no evidence of negligence on the part of the defendant or any agent, servant, or employee of the defendant was shown.

> 3. That the plaintiff did not sustain his burden of proof but failed to present a prima facie case against the defendant.

> 4. That the plaintiff did not sustain his burden of proof but failed to prove any negligence on the part of the defendant, its agents, servants or employees.

> 5. That in order for the plaintiffs to recover they must show that their injuries were sustained as a result of the negligence of the defendant or his employee, agent, or servant.

6. That the plaintiff did not introduce any evidence that the driver of the Checker Taxi was an agent, servant, or employee of the defendant acting within the scope of his employment, and therefore may not recover as a matter of law.

7. A finding for the defendant, Checker Taxi Company, is warranted. The Court made the following findings in favor of plaintiffs:

"I find that the plaintiffs called the Checker Taxi Company and that as a result of the call a Checker Taxi came to a house on Rutland Street where the plaintiffs were in a house waiting, and that the cab was clearly marked "Checker Taxi". I further find that the operator of the defendant's taxi was negligent and that the plaintiffs were in the exercise of due care."

Defendant claimed to be aggrieved by the denial of his requests for rulings and by the court's failure to state specifically why it had denied the requests as required by Rule #27 of the District Court Rules.

Three questions arise:

1. Could the trial court properly have found that the cab marked "Checker" which plaintiffs entered was defendant's cab?

2. Could the court properly find that the operator was defendant's agent, acting within the scope of his authority?

3. Could the court properly find that the

operator of the cab was negligent? This last question we answer without difficulty in the affirmative.

With regard to the first two questions, the difficulty in the case is to determine on precisely what basis the trial judge made his decision. This arises in part from a variance between the evidence stated in the report and findings of the court. For example, the finding states that plaintiffs called a cab which came to a house on Rutland Street where plaintiffs were waiting (and where they presumably entered the cab). The report on the other hand makes no reference to Rutland Street, instead it states that plaintiffs entered the cab in the vicinity of Yarmouth Street.

If a Checker taxicab was called from a certain house, before which house a cab labeled "Checker" subsequently appeared and picked plaintiffs up, that cab in all probability was defendant's cab. Such was the situation in *Lodge* v. *Congress Taxi Assoc., Inc.*, 240 Mass. 570. The operator could perhaps be found to be operating within the scope of his authority. However, see *Welch* v. *Checker Taxi Company*, 262 Mass. 310.

It is quite another matter if plaintiffs telephoned for a cab from a house on Rutland Street but entered a cab on Yarmouth Street, wherever that is. This could be consistent with plaintiffs calling a cab, getting tired of waiting

for it, going out and looking for it and finally entering a cab marked "Checker" on a different street, perhaps a Checker Taxicab but which might have been stolen and was being operated by someone for whom defendant would not be responsible.

There was no evidence who the operator of the cab was in our case. In the *Welch* case even though the driver was wearing the uniform of defendant's company, it was not considered sufficient evidence of authority to justify the court in finding that the operator was defendant's servant acting within the scope of his authority. *Baer* v. *Slater,* 261 Mass. 153.

Furthermore, the court's denial of plaintiffs seventh request was of doubtful validity. This request was "A finding for the defendant Checker Taxi Company is warranted". The denial of such a request is equivalent to a ruling that plaintiffs were entitled to recover as a matter of law. *Bresnick* v. *Heath,* 292 Mass. 293. On the facts stated in the report, the court could have found for defendant.

It may be that this possible defect was cured by the special finding of the court that defendant was negligent. *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 446. In any event the cause of justice will be best served through a new trial.

Accordingly, the finding for plaintiff is to be vacated and a new trial ordered.

Benjamin E. Forde, Jr. Esq.
  for the Plaintiff
Frank J. Mazzio, Jr. Esq.
  for the Defendant