[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The minor plaintiff Brianna Mullen and Brandon Mullen bring this action for personal injuries and for medical bills incurred by them as a result of an automobile collision. The action is brought on their behalf by their mother and natural guardian Leah Mullen.
The defendant pleads that any damages or loss to the plaintiffs, the minors "were caused by the negligence and/or carelessness of the plaintiff Leah Mullen in that she failed to utilize appropriate child restraints. The plaintiffs move to strike this special defense.
General Statutes § 14-100a(d) requires drivers transporting children under the age of four to require the child to use a child restraint system. This section also provides: "Failure to use a child restraint system shall not be considered as contributory negligence nor shall such failure be advisable in evidence in any civil action." CT Page 4463
This sub section 14-100a(d) relates to the conduct of the "person who transports a child under the age of four. A review of the pleadings reveals that the defendant Edward Nania was the operator of the automobile. (complaint, ¶ 2 each count; answer ¶ 2, each count). It is doubtful whether this statute even applies to a non operator. Even if the statute could be so applied to the mother, either as a transporter or an agency theory, yet the statute specifically precludes the attribution of the violation of the statute by the transporter to be contributory negligence, or to make such fact of non use admissible in evidence.
To the extent it may be claimed the failure of the children themselves to wear seat belts which is not a claim of contributory negligence in this action, yet General Statutes § 14-100a(5) specifically prohibits failure of a person to wear a seat belt to be contributory negligence, or to allow such failure to be admissible in evidence.
To the extent that it may be claimed that the mother, either as a co-passenger or conceivably as the person who delivered the children to the automobile had a duty, outside of these statutes, to place seat belts on the children, the law is clear that any claim of such negligence could not be imputed to the mother.
 "As the infant plaintiff is entitled to recover for his consequential damages, and as the negligence of his father is not imputable to him."
 Botelho v. Curtis 28 Conn. Sup. 493, 498 (1970) (emphasis added)
 Simon v. Nelson 118 Conn. 154, 157 (1934)
Finally, to the extent that the special defense could be construed as claiming that the mother can be treated as a party for apportionment, it is clear that any such contention would be without merit. It is doubtful that the common law recognized the concept of "parties for apportionment", although some Superior Court decisions appear to have accepted that proposition. Effective July 1, 1995 legislation has established a status as parties for apportionment, provided that the defendant complies with the procedures set forth in the statute. (see General CT Page 4464 Statutes § 52-102b).
The defendant has not complied with the provisions of this statute. The action was commenced by service of process on October 9, 1997. The cause of action arose on September 3, 1996. Both of these dates are subsequent to the effective date of General Statutes § 52-102b.
Furthermore, General Statutes § 52-102b(c) provides that "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section52-572h". Under the circumstances here pleaded the doctrine of parental immunity would bar a claim for negligence of the mother in a caretaking role as depositor, so to speak, or as a fellow passenger in the automobile. See Dubay v. Irish, 207 Conn. 518,523 (1988).
For the reasons set forth herein the motion to strike the special defense is granted.
L. Paul Sullivan